ARLOW, APPELLEE,
*v.* OHIO REHABILITATION SERVICES COMMISSION, APPELLANT, ET AL.
ASPINALL; KORN ET AL., APPELLEES, *v.*
OHIO REHABILITATION SERVICES COMMISSION, APPELLANT, ET AL.

[Cite as Arlow *v.* Ohio Rehab. Serv. Comm. (1986),
24 Ohio St. 3d 153.]

154

(Nos. 85-839 and 85-1144—Decided June 25, 1986.)

*James J. Corbett,* for appellee in case No. 85-839.

*Anthony J. Celebrezze, Jr.,* attorney general, and *B. Douglas Anderson,* for appellant in case No. 85-839.

*John P. Korn,* for appellees in case No. 85-1144.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mary Joseph Maxwell,* for appellant in case No. 85-1144.

LOCHER, J. The issue we address in the cases before us is whether a certified record of an appealed administrative hearing that is timely submitted, albeit with an unintentionally erroneous or omitted case number, constitutes a failure of certification which would require entry of a finding for the party appealing the administrative action pursuant to R.C. 119.12. For the reasons to follow we find that such a submission of the record does not constitute a failure of certification in the absence of prejudice to the party appealing the administrative action.

R.C. 119.12 sets forth, in pertinent part, the stringent requirement that:

"Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply. * * *"

Previously we have held, and affirm today, that "[w]here an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after a receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant." *Matash* v. *State* (1964), 177 Ohio St. 55 [29 O.O.2d 153], syllabus. See, also, *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O.3d 228]. We are not prepared, however, to declare that a record certified in fact to the common pleas court with an inaccurate or omitted case number constitutes a failure of certification.

In *Lorms* v. *State* (1976), 48 Ohio St. 2d 153 [2 O.O.3d 336], syllabus, we stated that a nonprejudicial omission of items from a certified record should not result in an automatic finding for appellant. This result was reached by noting that R.C. 119.12 uses the phrase "adversely affected"

suggesting the need for prejudice before application of harsh measures. Similarly, we reaffirmed this court's institutional commitment to embrace substance and abjure form where parties may be assisted in obtaining justice through due process of law. See R.C. 1.11. A mechanistic interpretation of R.C. 119.12 where appellees have not shown prejudice and where a record has been submitted, albeit unintentionally with erroneous or omitted case numbers, may constitute the farthest boundary of the exception we set forth in *Lorms, supra.* Such an exception does not vitiate the basic premise of R.C. 119.12 where *no* action has been taken to certify an administrative record.

In the instant cases the records were submitted to the respective common pleas courts. The clearly unintentionally erroneous or omitted case numbers on those records do not, in our view, mandate a judgment for the claimants in the absence of prejudice. The records in case Nos. 85-839 and 85-1144 do not demonstrate, nor was any allegation made, that such prejudice occurred. Similarly, no allegation has been made that the board acted to intentionally omit the record in case No. 85-1144. Rather, since the record was correctly sent to three of the four common pleas judges and the fourth trial judge allowed consolidation of the transcript, we can only conclude, as did the appellate court initially, that the failure to designate a case number was construed to be excusable neglect. In case No. 85-839 it was the secretary of the claimant's attorney who provided the erroneous case number in spite of an explicit request for verification.

Accordingly, we hold that under R.C. 119.12 where a record has been timely submitted to a court of common pleas, albeit with an unintentionally erroneous or omitted case number, in the absence of prejudice to the party appealing the administrative action, such submission shall not constitute a failure of certification.

Therefore we reverse the judgments of the courts of appeals.

*Judgments reversed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.

CLIFFORD F. BROWN, J., concurring. I concur in the thorough analysis and result reached in these cases by Justice Locher.

I make this added observation. The pertinent language of R.C. 119.12 mandated the agency, the State Personnel Board of Review, to "prepare and certify to the court a complete record of the proceedings" in each case. This statute does not require that the record of the agency contain the case number of the common pleas court to which the appeal is taken or any other numerical designation, nor does it require any description, cap-

tion or cover page. The mandatory duty imposed upon the agency is fully performed when the agency certifies "to the court a complete record." That was done in each case.