IN RE TROIANO.

(No. 51106—Decided October 6, 1986.)

*James A. Climer,* for appellant Gene Troiano.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James E. Musurca,* for appellee Ohio Real Estate Commission.

PATTON, J. Gene Troiano appeals the decision of the Cuyahoga County Court of Common Pleas denying his motion for judgment filed pursuant to R.C. 119.12. The facts giving rise to this appeal are as follows.

By order dated April 3, 1985, the Ohio Real Estate Commission (hereinafter "commission") denied appellant's application to sit for the real estate brokers' examination. On April 16, 1985, the commission received appellant's notice of appeal to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4735.19 and R.C. 119.12. On May 17, 1985, the commission certified its record to the court. The record was filed with the court on May 21, 1985.

On May 21, 1985, appellant filed a motion for judgment pursuant to R.C. 119.12 that was based upon appellee's failure to certify the record within thirty days after its receipt of appellant's notice of appeal. By entries journalized on October 11, 1985, the court denied appellant's motion for judgment and affirmed the commission's April 3, 1985 decision. Appellant filed his notice of appeal to this court on October 24, 1985.

Appellant has raised one error on appeal:

"The common pleas court committed prejudicial error by denying appellant's motion for judgment filed pursuant to ORC Section 119.12."

## I

Appellant contends that the failure of the commission to certify the record within the thirty days required by R.C. 119.12 mandates a judgment in his favor. This contention has merit.

R.C. 119.12 provides in pertinent part:

"Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the *agency shall prepare and certify to the court a complete record of the proceedings in the case.*" (Emphasis added.)

The Ohio Supreme Court in interpreting R.C. 119.12 has stated that the "language of the statute is clear; if the agency fails to comply, then the court must enter a finding in favor of the party adversely affected." *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 365, 21 O.O. 3d 228, 230, 423 N.E. 2d 1099, 1101. See, also, *Matash* v. *State* (1964), 177 Ohio St. 55, 29 O.O. 2d 153, 202 N.E. 2d 305.[1]

When a record has been timely certified but is not complete because parts of it are missing, then the appellant must show that he or she was prejudiced by the omission. A nonprejudicial omission of items from a certified record should not result in an automatic finding for the appellant-movant. *Lorms* v. *State* (1976), 48 Ohio St. 2d 153, 2 O.O. 3d 336, 357 N.E. 2d 1067; *Arlow* v. *Ohio Rehabilitation Services*

*Comm.* (1986), 24 Ohio St. 3d 153, 24 OBR 371, 493 N.E. 2d 1337; *Checker Realty Co.* v. *Ohio Real Estate Comm.* (1974), 41 Ohio App. 2d 37, 70 O.O. 2d 46, 322 N.E. 2d 139.

The commission has requested this court to adopt the holding of *Genoa Banking Co.* v. *Mills* (1983), 9 Ohio App. 3d 237, 9 OBR 410, 459 N.E. 2d 584. *Genoa* utilized the same rationale espoused in *Lorms, supra,* in deciding a case on which the entire record had not been certified within thirty days. The *Genoa* court ruled that an actual showing of prejudice caused by the untimely certification is necessary in order for judgment to be rendered in an appellant's favor. The court in *Genoa* found no resulting prejudice and the lower court judgment in favor of the appellant was reversed.

We decline to adopt such a holding. The Ohio Supreme Court recently addressed the issue of failure of certification which would require the entry of a finding for the party appealing the administrative action pursuant to R.C. 119.12. In *Arlow, supra,* the court held that the timely submission of a certified administrative record with an unintentionally erroneous or omitted case number does not constitute a failure of certification in the absence of prejudice to the party appealing the administrative decision. The court stated that "[s]uch an exception does not vitiate the basic premise of R.C. 119.12 where *no* action has been taken to certify an administrative record." (Emphasis *sic.*) *Id.* at 156, 24 OBR at 373, 493 N.E. 2d at 1340.

In the instant case, we are confronted with a situation where no action was taken to certify the record to the court within the required thirty

---

[1] In *Matash, supra,* the court interpreted a prior version of R.C. 119.12 which allowed twenty days to certify the record but also stated that a failure to certify within that time period must result in a judgment for the party adversely affected. *Id.* at 57, 29 O.O. 2d at 154, 202 N.E. 2d at 306.

318

days. Accordingly, under R.C. 119.12, the court must enter a finding in favor of the appellant.

Appellant's sole assignment is well-taken.

For the foregoing reasons, the judgment is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

ANN MCMANAMON, P.J., and PARRINO, J., concur.