[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 111.]

THE STATE EX REL. WILLIAMS FORD SALES, INC., APPELLANT, *v*. CONNOR, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Williams Ford Sales, Inc. v. Connor*, 1995-Ohio-87.]

*Mandamus to compel judge of common pleas court to issue a judgment upholding a protest filed with the Ohio Motor Vehicles Dealers Board—Court of appeals' judgment granting motion to dismiss reversed and cause remanded, when.*

(No. 94-896—Submitted March 7, 1995—Decided April 26, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD11-1539.

_____

{¶ 1} On May 24, 1993, appellant, Williams Ford Sales, Inc., a duly licensed automobile and truck dealer franchised by Ford Motor Company, filed a timely notice of appeal from a decision of intervenor appellee, Ohio Motor Vehicle Dealers Board ("board") in the Franklin County Court of Common Pleas. The administrative appeal was designated case No. 93CVF-05-3633 and was assigned to appellee, Judge John A. Connor.

{¶ 2} On July 2, 1993, after the board failed to prepare and certify to the common pleas court a complete record of the proceedings in the case as required by R.C. 119.12, appellant filed a motion for judgment in its favor. Appellant requested that its initial protest, which it filed with the board against a proposed competing dealer relocation, be upheld. At no time prior to September 24, 1993 had the board attempted to certify its record in case No. 93CVF-05-3633. On that date, Judge Connor denied appellant's motion for judgment in its favor and granted the board's motion to consolidate appellant's administrative appeal with another appeal filed by a separate protesting Ford dealer.

**{¶ 3}** On November 5, 1993, appellant filed a complaint in the Court of Appeals for Franklin County seeking a writ of mandamus to compel Judge Connor to issue a judgment upholding Williams Ford's protest filed with the board. The board was granted leave to intervene, and both it and Judge Connor filed motions to dismiss the complaint. On February 24, 1994, the court of appeals entered judgment granting respondent's motion and dismissed the action.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

———————————

*Thomas P. Michael*, for appellant.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Harland H. Hale*, Assistant Prosecuting Attorney, for appellee.

*Betty D. Montgomery*, Attorney General, and *David B. Clouston*, Assistant Attorney General, for intervenor appellee Motor Vehicle Dealers Board.

———————————

***Per Curiam.***

**{¶ 5}** The board has filed a motion to dismiss the appeal on the basis that appellant possesses a plain and adequate remedy at law. However, since this is a timely filed appeal as of right, the board's dismissal motion is inappropriate. See *State ex rel. Soley v. Dorrell* (1994), 69 Ohio St.3d 514, 515, 634 N.E.2d 212, 216. Therefore, appellant's motion to strike the board's dismissal motion is granted. However, the board's memorandum in support of its motion to dismiss will be treated as a brief on the merits. *Id.*

**{¶ 6}** In order to be entitled to a writ of mandamus, appellant had the burden to prove a clear legal right to the entry of judgment in its favor in the administrative appeal, a corresponding clear legal duty on the part of Judge Connor to enter judgment in its favor, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

**{¶ 7}** In order to dismiss a complaint under Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, after presuming that all factual allegations are true and all reasonable inferences are made in favor of the nonmoving party, it must appear beyond doubt from the complaint that the relator/plaintiff can prove no set of facts warranting relief. *State ex rel. Martines v. Cleveland City School Dist. Bd. of Edn.* (1994), 70 Ohio St.3d 416, 639 N.E.2d 80.

**{¶ 8}** The court of appeals dismissed the mandamus action pursuant to Civ.R. 12(B)(6) because appellant had "not demonstrated that an appeal from a subsequent judgment of the trial court, although possibly judicially uneconomical, would not be an adequate remedy." However, Civ.R. 12(B)(6) motions merely ascertain whether the complaint alleges the mandamus conditions with sufficient particularity so that reasonable notice of the claim is given to the respondent, i.e., Ohio generally follows notice, rather than fact, pleading. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548-549, 605 N.E.2d 378, 381. In a few cases, this court has modified the standard by requiring the pleading of specific facts rather than mere unsupported conclusions. See *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063, 1065; *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1 (mandamus action involving inmate claim); S.Ct.Prac.R. X(4)(B) (most original actions filed in this court). This case does not fall within one of the foregoing limited exceptions to the general rule requiring notice pleading.

**{¶ 9}** Appellant's complaint alleged the lack of an adequate remedy at law as well as the other prerequisites to a mandamus claim. Although appellee correctly notes that mandamus cannot be utilized as a substitute for an appeal from an interlocutory order, *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121, an appeal may still be inadequate if not complete in its nature, beneficial and speedy. *Id.; State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div*. (1992), 65 Ohio St.3d 323, 328, 605 N.E.2d 1005,

1009.  Based solely upon the complaint, we cannot say that there is no "set of facts" consistent with the conclusory allegation of "no adequate remedy at law" contained in the pleading.  This comports with the general rule that a Civ.R. 12(B)(6) dismissal based upon merit issues like the lack of an adequate remedy at law is unusual and should be granted with caution.  *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d, N.E.2d, decided today.

{¶ 10} Judge Connor additionally contends that the complaint was properly dismissed, since appellant has not demonstrated a clear legal right to the requested relief.  R.C. 119.12 provides that, in certain administrative appeals:

"Within thirty days after receipt of a notice of appeals from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected.  ***"

{¶ 11} Under R.C. 119.12, where a record has been timely submitted to a court of common pleas, albeit with an unintentionally erroneous or omitted case number, in the absence of prejudice to the party appealing the administrative action, such submission shall not constitute a failure of certification.  *Arlow v. Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St.3d 153, 24 OBR 371, 493 N.E.2d 1337, syllabus. Although appellant's complaint does specify consolidation of appellant's administrative appeal with the appeal of another protesting Ford dealer, it does not indicate whether a record had been timely filed in the other appeal or if a record had been timely submitted that unintentionally omitted the case number of appellant's administrative appeal.  Consequently, the allegations of appellant's complaint, construed most favorably to it, do not demonstrate that the record in its administrative case had been timely submitted to the court of common pleas with an unintentionally erroneous or omitted case number.  Thus, the court of appeals'

Civ.R. 12(B)(6) dismissal is not justifiable on this alternative basis. See *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309 (reviewing court not authorized to reverse correct judgment merely because of erroneous rationale).

{¶ 12} Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____