OPINION
In this accelerated calendar case, appellant, Franklin R. Caltrider, Registrar, Bureau of Motor Vehicles ("the Registrar"), appeals from the judgment of the Portage County Court of Common Pleas. The court granted a default judgment in favor of appellee, Gregory Henretta ("Henretta"), on November 30, 1999. The following facts are relevant to a determination of this appeal.
Henretta's driver's license was suspended in BMV Case No. 0203599. On June 3, 1999, Henretta, a resident of Portage County, filed an administrative appeal in the Portage County Court of Common Pleas. Henretta sent notice of his appeal to the Registrar by regular mail on the same day. Four days later, he sent a second copy to the Registrar by certified mail.
R.C. 119.12 requires that within thirty days after receiving a notice of appeal, an administrative agency must prepare, certify, and file a complete record of the proceedings in the case with the court hearing the appeal. In this case, the Registrar never filed a record of the administrative proceedings with the court of common pleas. Consequently, there is also no record of the administrative proceedings before this court.
On November 15, 1999, the Portage County Clerk of Courts mailed notice to both parties pursuant to Sup.R. 40(A), indicating that Henretta's administrative appeal would be dismissed for want of prosecution unless within ten days good cause was shown why the matter should not be dismissed. In response, on November 19, 1999, Henretta filed a motion for default judgment in accordance with Civ.R. 55(A). Henretta argued that the Registrar had failed to respond to his notice of appeal as required by law and, therefore, that he was entitled to judgment. On November 30, 1999, the court of common pleas granted Henretta's motion, stating "[o]n motion of Defendant and for good cause shown, Respondent-Appellee having failed to respond, it is the Order of this court that [Henretta's] appeal be granted * * *." The court terminated the suspension of Henretta's driver's license. From this judgment, the Registrar timely filed notice of appeal, assigning one error.
The Registrar asserts that the trial court erred when it entered a default judgment in favor of Henretta. In support of its argument, the Registrar cites Civ.R. 55(D) which states that "[n]o judgment by default shall be entered against this state * * * or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."
The Registrar also points to the portion of R.C. 119.12 which sets forth the standard of review a court of common pleas is to employ when hearing an administrative appeal. This standard of review establishes limited discretion with the court to affirm or reverse an administrative agency's judgment based upon finding whether there is reliable, probative and substantial evidence supporting the agency's judgment. Essentially, the Registrar argues the court's judgment should be reversed because there is no evidence in the record supporting either Henretta's entitlement to relief, or the lack of reliable, probative, and substantial evidence supporting the agency's judgment.
Initially, we must note that Civ.R. 55 has no application in the present factual scenario, rather, the mechanism providing for a judgment in favor of Henretta is in R.C. 119.12 itself. In this regard, we note that, in granting a motion filed pursuant to Civ.R. 55, although the court of common pleas reached the right result, it appears the result was not reached by following the precisely correct legal logic.
Henretta's right to relief was established by the Registrar's procedural default, namely, the Registrar's failure to comply with R.C.119.12 by submitting to the court the record of proceedings. In relevant part, R.C. 119.12 states:
 "Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply."
 The Supreme Court of Ohio applied this code section in Arlow v. Ohio Rehab. Serv. Comm. (1986), 24 Ohio St.3d 153, wherein it stated:
 "Previously we have held, and affirm today, that `[w]here an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty [thirty] days after a receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant.' Matash v. State (1964), 177 Ohio St. 55, syllabus. See, also, State ex rel. Crockett, v. Robinson (1981), 67 Ohio St.2d 363." Id. at 155. (Parallel citations omitted).
 Arlow and other subsequent rulings have modified the holding of Matash to the extent that an agency's nonprejudicial omission of items from a certified record does not constitute a failure of certification and does not require a finding in favor of the party appealing the administrative decision. Midwest Fireworks Mfg. Co., Inc. v. Hennosy (1991), 71 Ohio App.3d 490, at 493. This court has concluded that a court of common pleas hearing an administrative appeal "must reverse the administrative agency's order under R.C. 119.12 if, `upon motion' by the party adversely affected, two conditions are met: 1) the agency fails to submit a complete record; and 2) the omission from the record is prejudicial to the party appealing the administrative agency's order." Loom Lodge 0472 Conneaut v. Liquor Control Comm. (Dec. 13, 1996), Ashtabula App. No. 95-A-0074, unreported, at 6.
The present case is not one of omission of items, rather, there was a failure to submit anything at all. The agency completely defaulted on filing a record of the proceedings. The prejudice is obvious. The Registrar cannot frustrate an appeal by depriving the court of the facts essential for a judgment on the merits. The absence of a record made it impossible for the Henretta to demonstrate that error occurred.
Ironically, the Registrar, having declined to provide the necessary record, now asserts that the court had no basis to overturn its decision, since there were no facts before the court demonstrating error. This argument is specious. In any case, the agency's decision was reversed due to its procedural default, not on the merits. Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
 ______________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs with Concurring Opinion, NADER, J., concurs.