JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant City of Cleveland ("Cleveland") appeals the trial court's decision to reinstate plaintiff-appellee Robert Wolf's ("Wolf") employment with the Cleveland Police Department. For the following reasons, we affirm.
 {¶ 2} Wolf had been an employee of the Cleveland Police Department for over sixteen years. On May 30, 2000, he received notice that the City questioned his compliance with its residency requirement. The notice advised that a hearing would be conducted unless Wolf provided the City's Civil Service Commission with seven specifically identified items proving he was a resident of the city.
 {¶ 3} A residency hearing was held before a referee on July 6, 2001, who found that Wolf was not a bona fide resident of Cleveland and recommended his dismissal. Wolf appealed the referee's decision to the Civil Service Commission on March 1, 2002. After the Commission denied his appeal, he appealed the Commission's decision to the Cuyahoga County Common Pleas Court pursuant to R.C. Chapters 119 and 124.
 {¶ 4} Although the praecipe was timely filed, the transcript of the hearing conducted before the Civil Service Commission was never filed with the trial court. Nonetheless, the trial court found in favor of Wolf and ordered reinstatement. In its Order and Decision, the trial court stated that, based on the evidence presented, it found Wolf had sustained his burden of proof establishing his residency in Cleveland.
 {¶ 5} Cleveland appealed, raising three assignments of error.
 Standard of Review {¶ 6} In its first assignment of error, Cleveland argues the trial court incorrectly applied a de novo standard of review to the administrative proceedings. Which standard of review applies depends upon whether this appeal is governed by R.C. 124.34 and 119.12 or R.C. Chapter 2505. Wolf brought the appeal pursuant to R.C. 124.34 and 119.12. Cleveland argues R.C. 124.34 does not apply to this appeal because Wolf's termination was based on a condition of employment provided by the city charter rather than on a factor specifically enumerated in R.C. 124.34. Further, Cleveland argues R.C. 119.12 does not apply because Cleveland is not an agency as defined in R.C. 119.01(A)(1). Therefore, Cleveland argues, this appeal is governed by R.C. 2506.02.
 {¶ 7} The Ohio Supreme Court has held that a city employee appealing a removal decision from a municipal civil service commission has the option of appealing pursuant to R.C. 124.34 and 119.12, or under Chapter 2506. Crockett v. Robinson (1981), 67 Ohio St.2d 363, 365. See, also, Schupp v. City of Cincinnati Civil Service Commission, Hamilton App. No. C-020176, 2002-Ohio-7077. Further, this court has previously held that employees who have been discharged for violating a city's residency requirement may appeal pursuant to R.C. 124.34 and 119.12. See, e.g.,Ward v. Cleveland, Cuyahoga App. No. 79946, 2002-Ohio-482; Maple Heightsv. Karley, Cuyahoga App. No. 365564, 1977 Ohio App. Lexis 8342. Here, Wolf elected to prosecute his appeal pursuant to R.C. 124.34 and 119.12. Therefore, this appeal is governed by R.C. 124.34 and 119.12.[1]
 {¶ 8} It is well established that administrative appeals brought pursuant to R.C. 124.34 and 119.12 are subject to a de novo review. InGiannini v. City of Fairview Park, Cuyahoga App. No. 74190, 1999 Ohio App. LEXIS 3848, this court stated:
"[a] court of common pleas is required to conduct a trial de novo ofthe proceedings held before a civil service commission whenever a policeofficer is removed from his or her employment. Cupps v. Toledo (1961),172 Ohio St. 536, 179 N.E.2d 70, at paragraph two of the syllabus; Akronv. Williams (1996), 109 Ohio App.3d 848, 673 N.E.2d 221. The evidencemust be considered anew as if there had been no proceeding before thecommission. Lincoln Properties, Inc. v. Goldslager (1969),18 Ohio St.2d 154, 248 N.E.2d 57. The court of common pleas maysubstitute its own judgment on the facts for that of the civil servicecommission, based upon the court's independent examination anddetermination of conflicting issues of fact. Newsome v. Columbus Civ.Serv. Comm. (1984), 20 Ohio App.3d 327, 486 N.E.2d 174. The appointingauthority must prove the truth of the charges by a preponderance of theevidence. Cupps, supra."
 {¶ 9} Therefore, we find the trial court properly applied a de novo standard of review and the first assignment of error is overruled.
 Meeting the Residency Requirement {¶ 10} In its second of assignment of error, Cleveland argues the trial court erred in finding that Wolf was a bona fide resident of Cleveland. In reviewing the common pleas court's decision on an administrative appeal pursuant to R.C. 124.34, the appellate court's review is limited to a determination of whether the common pleas court's decision is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 119.12; Arlen v. State (1980),61 Ohio St. 168; Ohio State Bd. of Pharmacy v. Poppe (1988),48 Ohio App.3d 222. Therefore, this court's review is limited to a determination of whether the court of common pleas abused its discretion. In re Barnes (1986), 31 Ohio App.3d 201, 208.
 {¶ 11} To establish proof of residency within the city, the Civil Service Commission requested a total of seven items of proof. Of these seven items, two were mandatory. The mandatory items consisted of (1) official homeowner's documents, including deed, mortgage coupons, purchase agreement, or homeowner's insurance policy, or official lease documents, or a notarized agreement from the homeowner stating proof of Cleveland residency, and (2) completed 1040 tax return forms for federal, state, and local income tax. Wolf had the option of selecting the remaining five proofs of residency from a list of nine which included: (1) voter registration, (2) utility bills, (3) tax records, (4) school records, (5) Ohio identification card, (6) motor vehicle records, (7) financial records, (8) postal change of address form, and (9) other mail.
 {¶ 12} Wolf produced the requested documentation at the hearing before the referee and the Civil Service Commission. Unfortunately the transcript from the hearing was never filed with the common pleas court.[2] Nonetheless, copies of the documents were presented to the court with Wolf's brief. These documents included tax records and W-2 forms containing Wolf's West 130th Street address. He also presented several pager, telephone, and electric bills which he received in his name at the address on West 130th Street in Cleveland.
 {¶ 13} In addition, Wolf submitted a copy of his current driver's license and auto registration, both of which noted his West 130th Street address. He also provided financial records in the form of monthly checking account statements from his bank and credit card statements that were sent to his West 130th Street address. Further, he provided a copy of his direct deposit statement from his employment with Fairview Hospital, which contained his West 130th Street address, along with other mail addressed to him at that address.
 {¶ 14} Wolf also provided a notarized affidavit of his brother, Gerald Wolf, in which Gerald Wolf stated that Robert Wolf lived with him on West 130th Street, within the city of Cleveland. This affidavit, being a notarized document, satisfied the Civil Service Commission's second mandatory requirement of a notarized agreement from the homeowner stating proof of residency in the city of Cleveland. Furthermore, Cleveland never challenged the authenticity of these documents. Therefore, Wolf provided sufficient evidence to prove his residency within the city.
 {¶ 15} Nonetheless, Cleveland argues Wolf resides in Brunswick, Ohio, where he and his wife own a home. In its brief submitted to the trial court, Cleveland attached a copy of the deed to Wolf's Brunswick home and a letter from the Brunswick Board of Education verifying that Wolf's children attended Brunswick schools.
 {¶ 16} Finally, Cleveland provided copies of a surveillance log maintained by an investigator who monitored Wolf's actions and the Brunswick home on eight different days over a period of three months. Of these eight days, Wolf's car was seen parked at the Brunswick address six times. The investigator observed Wolf at the house a total of four times, and on two of those occasions, Wolf was seen departing the home with his children.
 {¶ 17} Wolf's presence at the Brunswick home does not establish proof that he lived there or that he made that home his residence. Moreover, Wolf provided all documentation needed to establish proof of residency within Cleveland as required by the Civil Service Commission. Therefore, the trial court did not abuse its discretion when it found Wolf to be a bona fide resident of Cleveland and reinstated his employment. Accordingly, the second assignment of error is overruled.
 Marriage Presumption {¶ 18} In its third assignment of error, Cleveland argues the trial court erred in ignoring the presumption that where the family of a married man or woman resides must be considered to be his or her place of residence. In support of this argument, Cleveland cites R.C. 3503.02, which provides rules for determining residency for purposes of voter registration. R.C. 3503.02(D) provides:
"The place where the family of a married man or woman resides shall beconsidered to be his or her place of residence; except that when thehusband and wife have separated and live apart, the place where he or sheresides the length of time required to entitle a person to vote shall beconsidered to be his or her place of residence."
 {¶ 19} It is not clear whether this provision would apply to the facts of this case which does not involve voter registration, especially since the Civil Service Commission has determined what factors are used to determine residency. However, even if this provision were applicable, the evidence Wolf presented to establish proof of residency within the city would rebut any presumption of residency created by his wife's residence outside Cleveland. In Maple Heights v. Karley, supra, this court held that the presumption that a married man lives with his family is not conclusive but may be rebutted by evidence to the contrary.Karley, supra, at *11.
 {¶ 20} As previously stated, Wolf provided all the documentation requested by the Civil Service Commission to establish his residency within the city. He provided the two mandatory forms of proof, including tax records and a notarized statement attesting to the fact that he lived in Cleveland. He provided more than five additional items from the list of nine optional items of proof. Although the record and transcript of the administrative proceedings were never certified to the common pleas court, Cleveland never challenged the authenticity of the documents Wolf provided with his brief. Therefore, we find the trial court did not err in finding Wolf successfully rebutted any presumption that he lived with his wife who lived outside Cleveland. Accordingly, the third assignment of error is overruled.
Judgment affirmed.
ANN DYKE, P.J. and DIANE KARPINSKI, J. CONCUR
[1] The appeal is governed by R.C. 119.12 in conjunction with R.C. 124.34
because R.C. 124.34(B) states, in part:
"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided in section119.12 of the Revised Code."
[2] If an agency such as the Civil Service Commission receives a notice of appeal and fails to certify the record to the trial court, then, upon motion, the trial court must enter a finding for the party adversely affected. R.C. 119.12; Arlow v. Ohio Rehab. Serv. Comm. (1986),24 Ohio St.3d 153; Accord, In re Troiano (1986), 33 Ohio App.3d 316,317. Had Wolf filed the appropriate motion with the trial court, the court would have had to find in his favor. However, because he never filed the motion, this court reviews the trial court's decision based upon the evidence presented to it without the benefit of the transcript.