OPINION
{¶ 1} Appellant, Kroehle Lincoln Mercury, Inc. ("Kroehle") appeals the Trumbull County Court of Common Pleas' July 21, 2006 decision affirming the administrative decision revoking Kroehle's used motor vehicle dealer's license. For the following reasons, we affirm.
 {¶ 2} Procedural History and Statement of Facts *Page 2 
 {¶ 3} This appeal stems from an administrative decision issued in October 1999. On December 28, 1998, following an inspection of the Kroehle premises, appellee, Ohio Motor Vehicle Dealers Board ("Board") sent a letter to Kroehle president, Hugh G. Kroehle ("Mr. Kroehle"), advising him that his company was not in compliance with the requirements for being licensed as a used automobile dealer. In particular, the investigator found that Mr. Kroehle did not post the proper business sign or business hours, did not have proper records, and did not maintain an established place of business. The inspector's subsequent report, dated September 24, 1999, also noted that at the time of the inspection, the gate was locked, the location was unattended, and no sign or business hours were displayed.
 {¶ 4} Mr. Kroehle requested an adjudicatory hearing, which was held on September 29, 1999. The inspector testified regarding his investigation of the business and concluded that based upon the above deficiencies that Mr. Kroehle was not in compliance with the requirements for a used car dealership. He also testified that in the preceding two years, Mr. Kroehle had only sold two vehicles.
 {¶ 5} Because Mr. Kroehle was unable to attend the hearing, he submitted a letter, which was admitted into evidence. In the letter, Mr. Kroehle advised the Board that he collects and sells antique cars by appointment to mostly out-of-state collectors. Mr. Kroehle stated that the business is closed during the winter months when he resides in Arizona. He further stated that he and his accountant keep detailed records pertaining to the dealership, and he attached to his letter an inventory list. With respect to the business sign, Mr. Kroehle acknowledged that he does not keep a large permanent sign posted but instead displays a temporary sign when he is expecting a *Page 3 
customer. Mr. Kroehle asked the Board to waive the requirement that there be posted a permanent sign with six inch lettering.
 {¶ 6} On October 12, 1999, in its adjudication order the Board issued findings of fact and conclusions of law. The Board found that in each of the inspections that took place on March 31, 1997, October 19, 1998, and September 24, 1999, the dealership location was closed, unattended, with no sign identifying the dealership, and with no business hours posted. The board concluded that Mr. Kroehle violated R.C. 4517.03(C) and4517.44 and related administrative code sections and ordered Mr. Kroehle's license to be revoked effective November 19, 1999.
 {¶ 7} On October 18, 1999, Mr. Kroehle filed a notice of appeal to the Trumbull County Court of Common Pleas. On that same date, Mr. Kroehle filed a motion for a stay order suspending enforcement of the adjudication order revoking his license. On October 25, 1999, the Board filed a brief in response to the motion for a stay order. A hearing was held and in an order dated November 18, 1999, the trial court granted Mr. Kroehle's stay motion on the ground that Mr. Kroehle would suffer irreparable harm and unusual hardship if his license was suspended.
 {¶ 8} Less than a week later, on November 24, 1999, Mr. Kroehle filed a motion for "summary judgment" on the ground that the Board failed to certify a complete record to the common pleas court within thirty days from the filing of the October 18, 1999 notice of appeal, as required by R.C. 119.12. Because the record was not properly certified, Mr. Kroehle asked the court to enter judgment in its favor.
 {¶ 9} The Board filed a brief in response on December 15, 1999, and alleged that it did comply with the certification requirements of R.C.119.12 but that the clerk of *Page 4 
courts had inadvertently failed to time-stamp and file the documents. Specifically, the Board said that it submitted its certification, which included submission of the hearing transcript, exhibits, all notices, correspondence and the order, via certified mail to the trial court on November 15, 1999, and sent a copy of the certification to Mr. Kroehle's counsel. The certified mail receipt was signed on November 16, 1999. On this same date, the Board checked with the Clerk of Courts to verify receipt of the record. Unbeknownst to the Board, the record was never time-stamped or docketed.
 {¶ 10} On January 21, 2000, the trial court overruled Mr. Kroehle's motion, which it considered as "a motion for a finding in Plaintiff-Appellant's favor pursuant to R.C. 119.12 * * *." The court found that since there was proof that the trial court received the record by November 16, 1999, the record was properly certified to the court and the trial court's failure to time-stamp and docket the record was a clerical error.
 {¶ 11} The parties submitted trial briefs. It appears that no further action was taken by the trial court until July 21, 2006. On that date, the trial court issued a judgment entry affirming the adjudicatory order of the Board revoking Mr. Kroehle's motor vehicle dealer's license.
 {¶ 12} Mr. Kroehle filed the instant appeal, raising three assignments of error:
 {¶ 13} "[1.] The trial court erred in its denial of Appellant's motion for summary judgment based upon Appellee's failure to timely comply with the record certification requirements of O.R.C. [sic] 119.12.
 {¶ 14} "[2.] The trial court erred in its conclusion that the board had probative reliable and substantial evidence to find that Appellant had violated R.C. 4517.03(C), 4517.12(A)(9) and Ohio Administrative Code Sections 4501:1-3-3 and 4501:1-3-8. *Page 5 
 {¶ 15} "[3.] The trial court erred in its conclusion that the board had probative reliable and substantial evidence to find that Appellant had violated R.C. 4517.44 and OAC 4501:1-3-04."
 {¶ 16} Certification of Record
 {¶ 17} The initial issue before this court is whether the Board timely prepared and certified to the common pleas court the record of the proceedings in this case. R.C. 119.12 sets forth the procedure that must be followed in an administrative appeal. It provides, in relevant part:
 {¶ 18} "Within thirty days after receipt of a notice of appeal from anorder in any case in which a hearing is required * * * the agency shallprepare and certify to the court a complete record of the proceedings inthe case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply. * * *" (Emphasis added.)
 {¶ 19} The Supreme Court of Ohio has interpreted what is meant by a proper certification of the record for purposes of a R.C. 119.12 appeal. In McKenzie v. Ohio State Racing Com'n. (1966), 5 Ohio St. 2d 229, 232, the Court stated that "there is a sufficient certification by `the agency' under Section 119.12, Revised Code, where a member or employee of the agency certifies that what purports to be a record of such proceedings `is a complete record' thereof * * *."
 {¶ 20} The general rule is that where "the agency has not prepared and certified to the court a complete record of the proceedings within [thirty] days after a receipt of *Page 6 
the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant." Matash v. State (1964), 177 Ohio St. 55, syllabus. See, also, State, ex rel. Crockett v. Robinson (1981), 67 Ohio St.2d 363,365. Under those circumstances, "R.C. 119.12 * * * mandates a finding for the party `adversely affected' by an agency's failure to certify a `complete record' within the prescribed time." Lorms v. State of Ohio,Dep't. of Commerce (1976), 48 Ohio St. 2d 153, 154. The underlying rationale is that where the agency fails to wholly comply with the certification requirement, "[t]he statute entitles the party to be put in the same position as if the court had ruled on the merits."Crockett at 365. Thus, in those cases, where no record is submitted or where prejudicial items are omitted, the underlying decision in favor of the agency is reversed due to the agency's own "procedural default."Henretta v. Caltrider (June 29, 2001), 11th Dist. No. 99-P-0126, 2001 Ohio App. LEXIS 2960, 7.
 {¶ 21} However, the Supreme Court of Ohio has subsequently held that an agency's "nonprejudicial omission of items from a certified record should not result in an automatic finding for appellant." Arlow v. OhioRehab. Svcs. Com'n. (1986), 24 Ohio St.3d 153, 155, citingLorms at syllabus. See, also, Henretta, at 6; Loom Lodge 0472 Conneautv. Liquor Control Com'n. (Dec. 13, 1996), 11th Dist. No. 95-A-0074, 1996 Ohio App. LEXIS 5638, 7-8. In Arlow, for instance, the court rejected a strict interpretation of the certification requirement and held that "where a record has been timely submitted to a court of common pleas, albeit with an unintentionally erroneous or omitted case number, in the absence of prejudice to the party appealing the administrative action, such submission shall not constitute a failure of certification." *Page 7 State ex rel. Williams Ford Sales, Inc. v. Connor (1995),72 Ohio St.3d 111, 114, citing Arlow v. Ohio Rehab. Serv. Comm. (1986),24 Ohio St.3d 153, syllabus. (Emphasis added.)
 {¶ 22} In this respect, unlike that portion of R.C. 119.12 involving the time limit for filing the administrative appeal itself, which requires strict compliance (see Anda-Brenner v. Ohio State DentalBd. (Aug. 11, 2000), 11th Dist. No. 99-P-0064, 2000 Ohio App. LEXIS 3700, 5) and results in a dismissal on jurisdictional grounds, the certification requirement of R.C. 119.12 has been interpreted in a less restrictive manner. In fact, the very wording of R.C. 119.12, which affords an agency additional time to certify the record if "the agency has made substantial effort to comply," demonstrates that the appeal will not automatically be dismissed where he agency has made a substantial effort to certify the record.
 {¶ 23} Turning to the case at hand, the evidence demonstrates that the Board took affirmative action to prepare and certify to the common pleas court a complete record of the administrative proceedings within the thirty day time period and to notify Mr. Kroehle's counsel of the certification. Not only did the Board submit the complete record to the clerk of courts but it also made the effort to verify the clerk's receipt of the record. This is not the ordinary case where the agency has failed to timely certify the record within thirty days or has submitted an incomplete record that prejudices the appellant. What transpired here is, as the trial court found, unusual in that it is more akin to a clerical error than a failure of certification. As the trial court so aptly found, "[t]he fact that [the] documents have not been time-stamped appears to be a clerical error and not a failure to timely certify." *Page 8 
 {¶ 24} Under Civ.R. 60(A), a clerical error is that type of error "identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks * * *. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney * * *." Dentsply Intl.Inc., v. Kostas (1985), 26 Ohio App.3d 116, 118. The record clearly demonstrates a mistake or omission by the clerk that is mechanical in nature and does not involve a legal judgment, thus falling within the very definition of a clerical error.
 {¶ 25} Under these circumstances, we agree with the trial court's refusal to enter a finding in favor of Mr. Kroehle based upon a lack of compliance with the certification requirements of R.C. 119.12. Because there is evidence that the entire record was submitted to the trial court within the thirty day time period, we find that the Board made a substantial effort to comply with the certification requirements of R.C.119.12 and that the error in failing to time-stamp and docket the record was, as the trial court found due to the inadvertence of the clerk of courts. Moreover, since Mr. Kroehle's counsel was made aware of the certification within the thirty day time frame, and was, in fact, present at a court hearing on its motion to stay during this period, Mr. Kroehle certainly had knowledge that the record had been submitted to the court, and can hardly claim prejudice.
 {¶ 26} We overrule Mr. Kroehle's first assignment of error.
 {¶ 27} Failure to Comply With Used Motor Vehicle Dealer's LicensingRequirements *Page 9 
 {¶ 28} In his second and third assignments of error, Mr. Kroehle challenges the trial court's decision revoking its used motor vehicle dealer's license.
 {¶ 29} The standard of review for an administrative decision is set forth in R.C. 119.12. The standard of review for the common pleas court is to determine if the agency's order is supported by reliable, probative, and substantial evidence, and is in accordance with the law.Maggard v. Ohio Dep't. of Commerce, 11th Dist. No. 2002-L-042, 2003-Ohio-4098, at ¶ 9, citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. An appellate court's review of an administrative agency's action is limited to determining whether the court of common pleas abused its discretion. Id. See, also, Loom Lodge at 5-6. An abuse of discretion connotes more than a mere error of law or judgment; rather it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. Measor v. Measor, 160 Ohio App.3d 60, 2005-Ohio-1417, at ¶ 9, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144, andBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 30} Location and Signage Requirements
 {¶ 31} The Board found that Mr. Kroehle had violated R.C. 4517.03 and O.A.C. 4501:1-3-03, which govern the location requirements for a used car dealership and the signage requirements necessary to operate such a business.
 {¶ 32} R.C. 4517.03(C) states that: "No used motor vehicle dealer shall sell, display, offer for sale, or deal in motor vehicles at any place except an established place of business that is used exclusively for the purpose of selling, displaying, offering for sale, or dealing in motor vehicles." *Page 10 
 {¶ 33} O.A.C. 4501:1-3-03(A) provides that: "No applicant shall be issued a license unless his application shall show the business for which the license is sought is equipped with a suitable sign, properly maintained and prominently displayed, and permanent, identifying the ownership of said business in the same name in which the application is filed. Sign letters identifying the business shall be no less than six inches high unless otherwise approved by the registrar."
 {¶ 34} The trial court found that there was competent, credible evidence to support the Board's revocation of Mr. Kroehle's license based on the failure of Mr. Kroehle to meet these requirements. In particular, the court found relevant that on three separate occasions; the Bureau of Motor Vehicle field inspector observed no sign identifying the "dealership" and found that the business was closed.
 {¶ 35} Mr. Kroehle admitted that the business is closed during the winter months when he resides in Arizona and also conceded in a letter written to the registrar of the bureau of motor vehicles, which was admitted into evidence, that the business does not post a permanent sign and that the temporary sign he uses contains four-inch rather than the required six-inch lettering, as required by OAC 4501:1-3-03(A). In this letter, Mr. Kroehle admitted: "I do have a temporary sign that I place when I am expecting a customer. The letters are four inches high * * *." Mr. Kroehle asked the Board to waive the permanent sign requirement.
 {¶ 36} Despite these admissions, Mr. Kroehle now asserts that the Board's decision was not based on reliable, probative evidence because the inspections took place at a time when the inspector was unable to gain access to the premises. Mr. Kroehle also contends that Ohio used dealership law does not require any specific *Page 11 
hours of operation. Mr. Kroehle further maintains that the inspector's testimony that Mr. Kroehle failed to comply with the requirements for a used car dealership was inadmissible since he was not qualified as an expert.
 {¶ 37} We reject these contentions and find no abuse of discretion in the trial court's decision. Not only was there competent, credible evidence presented to show that Mr. Kroehle failed to abide by the signage requirements, but the evidence also demonstrates Mr. Kroehle's failure to operate an "established place of business" used exclusively to sell, display, offer for sale, or deal in motor vehicles as required in R.C. 4517.03.
 {¶ 38} In order to be deemed an "established place of business," OAC 4501:1-3-08(A) expressly states that the "structure shall be occupied by the dealership and staffed by a person who is licensed * * * and could reasonably assist any retail customer with or without an appointment." In addition, this code section requires that "[t]he dealership shall be easily accessible from a public roadway and shall be identifiable as a motor vehicle dealership to the public and open for business. The business hours shall be prominently posted on the premises." Again, by Mr. Kroehle's own admission, his "dealership" was "open" for business by appointment only, in direct contravention to the pertinent statutory and code sections.
 {¶ 39} We also find no merit in Mr. Kroehle's argument that the inspector's testimony was inadmissible expert testimony. To begin with, the inspector was not testifying as an expert witness. He was simply testifying as a lay witness describing what he observed while conducting his inspections. This testimony, along with the inspection reports describing the deficiencies and Mr. Kroehle's own letter admitting *Page 12 
non-compliance were admitted into evidence without objection by Mr. Kroehle. Mr. Kroehle can hardly claim prejudicial error.
 {¶ 40} Mr. Kroehle's second assignment of error is overruled.
 {¶ 41} Failure to Maintain Proper Business Records
 {¶ 42} In his third assignment of error, Mr. Kroehle contends that the trial court erred in finding that it violated R.C. 4517.44 and OAC 4501:1-3-04, provisions that govern the maintenance of business records for motor vehicle dealers.
 {¶ 43} R.C. 4517.44(A) provides in pertinent part: "No * * * dealer in motor vehicles * * * shall fail to keep or cause to be kept any record required by law." OAC 4501:1-3-04(A) requires a motor vehicle dealer to maintain records "of all motor vehicles purchased, leased and sold * * *." Subsection (B) states that: "Records must be maintained and easilyaccessible for a period of three years by those holding a license * * *." Subsection (C) then provides: "The business records shall be open for reasonable inspection by the registrar or his authorized agent." (Emphasis added.)
 {¶ 44} Mr. Kroehle advised the Board in his September 22, 1999 letter that he did maintain records of his dealership but that the records were stored by his accountant. He also told the Board that he could make the records available upon request. Mr. Kroehle argues that the law does not require that the records be kept on site or be made available on demand. Rather, Mr. Kroehle contends that he complied with the record-keeping requirements since his accountant maintained the records and because they were available upon request.
 {¶ 45} R.C. 4517.44 and OAC 4501:1-3-04 specifically require easy accessibility of business records and that the records be available for reasonable inspection. On *Page 13 
three separate occasions, the investigator was unable to inspect the business records since the business was closed while Mr. Kroehle was residing in Arizona and because the actual records were maintained off-site by Mr. Kroehle's accountant. Under these circumstances, we find that the trial court did not abuse its discretion in upholding the Board's determination that Mr. Kroehle violated these record-keeping requirements since there was competent, credible evidence presented to show that the records were not easily accessible or open for reasonable inspection.
 {¶ 46} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur. *Page 1