[Cite as *Knight v. Cleveland Civ. Serv. Comm.*, 2011-Ohio-6440.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96777**

## LENWOOD KNIGHT

PLAINTIFF-APPELLANT

vs.

## CLEVELAND CIVIL SERVICE COMMISSION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**DISMISSED**

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-736087

**BEFORE:** Stewart, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEY FOR APPELLANT**

Stewart D. Roll
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
55 Public Square, Suite 1950
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law

By: Steven J. Moody
        Mark R. Musson
Assistant Directors of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, OH   44114

MELODY J. STEWART, P.J.:

{¶ 1}  Appellant Lenwood Knight appeals from an order denying his motion for reinstatement of employment with appellee city of Cleveland.  The city terminated Knight, a construction equipment operator who performed sewer repair while off-duty, for charging a city resident a fee for sewer work that the city maintained should have been done by the city at no cost to the resident.  The Cleveland Civil Service Commission ("commission") upheld the termination and Knight appealed to the court of common pleas.  When the city failed to offer a complete record of the civil service commission proceedings within 30 days after the appeal had been filed, Knight asked the court to

order his reinstatement with back pay pursuant to R.C. 119.12. The court denied the motion for reinstatement and granted the city an extension of time in which to file the complete record. Knight appealed to this court before the court of common pleas had the opportunity to consider the substantive merits of the inital appeal, arguing that the court erred by denying his motion for reinstatement and ordering the administrative appeal to go forward.

{¶ 2} Before reaching the merits of Knight's claim that the court erred by refusing to grant his motion for reinstatement on grounds that the city failed to timely file the record, we must consider the threshold question of whether the court's order is final and appealable.

{¶ 3} R.C. 2505.03(A) states that "[e]very final order" may be appealed. Knight argues that the court's order denying his motion for reinstatement is appealable under R.C. 2505.02(B)(2), which defines a "final order" as "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"

{¶ 4} An administrative appeal is a special proceeding for purposes of R.C. 2505.02(B)(2) because it was "specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." See R.C. 2505.02(A)(2). But nothing indicates that the court's refusal to order Knight's reinstatement as a result of the city's failure to file the record within 30 days affected a "substantial right" belonging to Knight.

{¶ 5} R.C. 2505.02(A)(1) defines substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." In *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, the Ohio Supreme Court stated: "A substantial right is a '*** legal right entitled to enforcement and protection by law[.]' *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 358, 2 O.O.2d 257, 260, 142 N.E.2d 660, 664. A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." And in *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181, the court stated: "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future."

{¶ 6} Knight claims a right to judgment under R.C. 119.12, which states in relevant part:

{¶ 7} "Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply."

**{¶ 8}** It is true that some Ohio Supreme Court decisions state the proposition that a failure to file a complete, certified record within 30 days is cause for mandatory dismissal. See *Matash v. State* (1964), 177 Ohio St. 55, 202 N.E.2d 305, syllabus; *Lorms v. Dept. of Commerce* (1976), 48 Ohio St.2d 153, 155, 357 N.E.2d 1067 ("R.C. 119.12 *** mandates a finding for the party 'adversely affected' by an agency's failure to certify a 'complete record' within the prescribed time"); *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 423 N.E.2d 1099 ("The language of the statute is clear; if the agency [totally] fails to comply, then the court must enter a finding in favor of the party adversely affected").

**{¶ 9}** However, the 30-day time period in which to file the record is no longer considered to be immutable. The *Matash* syllabus added the caveat that dismissal is warranted when "the court has granted the agency no additional time" to file the record. *Matash*, 177 Ohio St. at syllabus. Indeed, in *Arlow v. Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St.3d 153, 493 N.E.2d 1337, the syllabus states that "under R.C. 119.12 where a record has been timely submitted to a court of common pleas, albeit with an unintentionally erroneous or omitted case number, in the absence of prejudice to the party appealing the administrative action, such submission shall not constitute a failure of certification." These more recent decisions are in line with the R.C. 119.02 language that allows the court to grant an extension of time in which to file the record when "it is shown that the agency has made substantial effort to comply."

{¶ 10} If the court has the discretionary ability to extend the time in which to file a complete record of the proceedings, dismissal is not absolute in a way that could be said to have affected a substantial right belonging to Knight. Moreover, the court's decisions to deny the motion for reinstatement and extend the time for completion of the record were not acts which, if not immediately

{¶ 11} appealable, would foreclose Knight's ability to seek appropriate relief in a future appeal on the merits of the administrative appeal. Knight could, on direct appeal from the merits of the appeal in the court of common pleas, raise the court's refusal to grant his motion for reinstatement, so no substantial right has been affected at this point in the proceedings.

{¶ 12} We therefore find that Knight did not have a "substantial right" to have his motion for reinstatement granted, so we lack a final judgment as a predicate for an appeal under R.C. 2505.02(B)(2).

Appeal dismissed.

It is ordered that appellees recover of appellant their costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR