[Cite as *Tuscarawas Ct.y Pub. Defender's Office v. Goudy*, 2021-Ohio-1754.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TUSCARAWAS COUNTY PUBLIC DEFENDER'S OFFICE | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020 AP 10 0023 |
| | : | |
| KRISTY GOUDY | : | |
| | : | |
| | : | |
| Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
                             Court of Common Pleas, Case No. 2019
                             AA 10 0679

JUDGMENT:                    REVERSED; JUDGMENT RENDERED
                             PURSUANT TO APP.R. 12(B)

DATE OF JUDGMENT ENTRY:      May 20, 2021

APPEARANCES:

For Appellant:                              For Appellee:

SCOTT H. DEHART                             MICHAEL A. MOSES
JONATHAN J. DOWNES                          Moses Law Offices, L.L.C.
Zashin & Rich Co., L.P.A.                   556 E. Town Street – Suite 201
17 South High St., Suite 750               Columbus, OH 43215-4802
Columbus, OH 43215

*Delaney, J.*

{¶1} Appellant Tuscarawas County Public Defender's office appeals the September 16, 2020 judgment entry of the Tuscarawas County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Tuscarawas County Public Defender's Office

{¶2} Appellant Tuscarawas County Public Defender's Office ("TCPD") hired Appellee Kristy Goudy as a full-time secretary on or about August 19, 1996. Ms. Goudy was a classified employee.

{¶3} In 2017 and 2018, TCPD alleged that Ms. Goudy engaged in multiple acts of misconduct in violation of the Tuscarawas County personnel policy manual. The Tuscarawas County Human Resources began an investigation and placed Ms. Goudy on paid administrative leave.

{¶4} A pre-disciplinary hearing was held on July 27, 2018. The Hearing Officer issued a report determining Ms. Goudy had violated various standards of conduct. On November 7, 2018, the TCPD issued an Order of Removal, terminating Ms. Goudy's employment. The Order of Removal stated that Ms. Goudy engaged in insubordination, discourteous treatment of the public, dishonesty, violations of rules and other failure of good behavior when:

[Goudy] disregarded written instructions for answering the telephone on June 15, 2018; dishonestly represented that [a secretary] was not on the phone; slammed [the secretary's] office door in anger; made inappropriate comments of a sexual nature directed at [another secretary]; violated a

direct order not to discuss an ongoing investigation by talking with [another secretary about it]; and engaged in menacing behavior.

### Appeal to the State Personnel Board of Review

{¶5} Ms. Goudy appealed her removal to the State Personnel Board of Review ("SPBR"). The administrative hearing was held before the Administrative Law Judge on April 2 and 3, 2019. Multiple witnesses testified at the hearing. On May 14, 2019, the Administrative Law Judge issued his Report and Recommendation. The Report sustained three charges of misconduct based on Ms. Goudy slamming the office door; disregarding the policy for answering the telephone; and discourteous or disrespectful treatment of a coworker. The ALJ did not find that Ms. Goudy engaged in menacing, dishonesty, or insubordination.

{¶6} Based on the ALJ's interpretation of TCPD's Personnel Manual, the ALJ found Ms. Goudy committed three Group 1 offenses. The Personnel Manual adopted a system of progressive discipline that considered the nature of the violation, the employee's record of discipline/corrective action, and the employee's record of performance and conduct. Based on the Group 1 offenses, the progressive disciplinary system, and the failure of the TCPD to conduct a performance evaluation of Ms. Goudy during her 22 years of employment, the ALJ recommended that Ms. Goudy's removal be modified to a ten-day suspension. The ten-day suspension represented the maximum three-day suspension for each offense plus an extra day of suspension for committing multiple offenses in a short period of time.

{¶7} Ms. Goudy and TCPD filed written objections to the Report and Recommendation to the SPBR pursuant to Ohio Admin. Code 124-15-02, which states,

"Objections to reports and recommendations should include both a brief statement of the case and a concise statement of each area of disagreement, together with supporting arguments and memoranda. Parties' objections or responses must be limited to evidence presented at hearing. Objections and responses to objections containing arguments based on evidence not already in the record shall be stricken." In TCPD's objections to the Report and Recommendation, it referred to the testimony presented at the administrative hearing and cited the auditory record of the hearing (e.g., "Lowdermilk, 4/2/2019 04:02:00"). On August 28, 2019, a three-member panel of the SPBR held an oral hearing on the parties' objections.

{¶8} On September 18, 2019, the SPBR overruled the parties' objections and adopted the Report and Recommendation that Ms. Goudy's removal be modified to a ten-day suspension pursuant to R.C. 124.03 and 124.34.

### Appeal to the Court of Common Pleas

{¶9} On October 2, 2019, TCPD filed a Notice of Appeal of the September 18, 2019 SPBR Order with the Tuscarawas County Court of Common Pleas. TCPD paid a deposit to the Ohio State Treasurer in the amount of $935.50 pursuant to R.C. 119.12(J) and Ohio Admin. Code. 124-15-08.

{¶10} On November 13, 2019, the trial court issued a judgment entry acknowledging a Notice of Appeal of Administrative Order was filed by TCPD on October 2, 2019. The trial court ordered the SPBR, pursuant to R.C. 119.12(I), to certify and file the complete record of the administrative proceedings within 30 days after the receipt of the Notice of Appeal. After the certification and filing of the complete record, the trial court would issue further orders as required by R.C. 119.12.

{¶11} On October 30, 2019, Shane G. Trace, SPBR Program Administrator, filed a notice with the Clerk of Courts stating "[e]nclosed please find the complete record of the proceedings before the State Personnel Board of Review in the appeal of *Tuscarawas County Public Defender v. Kristy Goudy*. This is to certify that the record consists of the enclosed proceedings, exhibits, miscellaneous documents, and transcript. Documents are presented in reversed chronological order."

{¶12} The trial court held a pretrial conference on January 6, 2020. The pretrial order, filed on January 8, 2020, set a briefing schedule. TCPD's memorandum of law was due on February 6, 2020, Ms. Goudy's memorandum of law was due on March 9, 2020, and the reply memorandum was due on March 24, 2020.

{¶13} On January 30, 2020, Lisa Reid, assistant attorney general representing the SPBR, sent an email to the trial court stating:

> We today discovered that one day of the transcript was omitted from our earlier filing.
>
> We have contacted the court reporter and ordered the missing day, and will request that they put a rush on it. We believe that the missing piece of the transcript can reasonably be filed on or before February 14th.
>
> Of course, this necessitates altering the briefing schedule earlier set by the Court.
>
> Thanks for your attention and patience here. We apologize for this inconvenience to all concerned.

{¶14} On January 31, 2020, TCPD filed a "Motion for Judgment in Favor of Appellant to Vacate the Order of the State Personnel Board of Review." In the motion,

TCPD stated it had requested copies from the SPBR of all the transcripts that SPBR had filed with the trial court when it certified the record. The SPBR provided TCPD with transcripts for April 2, 2019, the first day of the administrative hearing, and August 28, 2019, the hearing on the parties' objections. The SPBR did not file a transcript for the second day of the administrative hearing, held on April 3, 2019. The second day of the administrative hearing included the testimony of Nicole Stephen, the last witness for TCPD's case-in-chief, and the entirety of Ms. Goudy's case-in-chief, where she and her witness, Lisa Calderon testified. TCPD contacted SPBR on January 29, 2020 regarding the missing April 3, 2019 transcript. In response, TCPD (and the trial court) received the January 30, 2020 email from Lisa Reid, quoted above.

{¶15} TCPD argued SPBR failed to prepare and certify the complete record in compliance with R.C. 119.12(I), thereby placing a mandatory duty on the trial court to find in favor of TCPD, the party adversely affected. It argued because the SPBR failed to certify the complete record, TCPD did not need to show prejudice. In the alternative, if the trial court determined a showing of prejudice was necessary, TCPD was prejudiced because the record evidence necessary for the trial court to dispose of the appeal was not certified to the court, the certification of the record was completed at TCPD's expense, and the SPBR's omission necessitated a delay in the parties' briefing schedule, which potentially exposed TCPD to additional back pay liabilities and interest if the trial court affirmed the Order.

{¶16} The April 3, 2019 transcript was filed with the Clerk of Courts on February 6, 2020.

{¶17} On February 7, 2020, SPBR filed a Notice of Appearance, Memorandum in Opposition to TCPD's Motion for Judgment, and Motion for Leave to File Excerpt of Administrative Record Out of Rule. SPBR stated the April 3, 2019 transcript was omitted from the certified record due to a unspecified clerical error. Ms. Goudy also filed a Memorandum in Opposition, Motion for Leave to Join Additional Party, and Motion for Leave to File Additional Portion of Record. SPBR and Ms. Goudy argued the SPBR substantially complied with R.C. 119.12(I) when it certified the record. The omission of the transcript was a clerical error, which did not prejudice TCPD. Ms. Goudy filed a supplemental memorandum on February 12, 2020.

{¶18} TCPD filed replies to the motions for joinder, arguing the SPBR was not a proper party to the administrative appeal. Ms. Goudy filed a response and included the affidavit of Shane Trace, the SPBR Program Administrator. Trace averred that in his capacity as Program Administrator, he prepares, files, and certifies the administrative record developed by the SPBR to the Courts of Common Pleas. He stated that due to a "clerical error" by his office, "a third day of transcript before the SPBR was inadvertently omitted from the October 30, 2019 filing."

{¶19} The trial court held an oral hearing on the motions on March 9, 2020.

{¶20} The trial court issued its judgment entry on April 27, 2020. It first denied the motion of the SPBR and Ms. Goudy to join the SPBR as a party to the administrative appeal. It next analyzed whether the failure to file the April 3, 2019 transcript violated R.C. 119.12(I), necessitating judgment in favor of TCPD. The trial court found that when the SPBR was notified of the missing transcript on January 29, 2020, it filed the transcript eight days later on February 6, 2020. The court looked at the briefing schedule it had set.

As of January 9, 2020, the matter was not scheduled for an oral hearing until April 27, 2020. It found the "late filing of a portion of the written transcript on 2/6/2020, may have resulted in a modified briefing schedule; however, the late filing alone would not have necessitated a delay of the overall disposition of this case." (Judgment Entry, Apr. 27, 2020). As of February 6, 2020, the trial court had the complete record, including the April 3, 2019 transcript. The trial court therefore concluded, TCPD had not been prejudiced by the late filing of a portion of the written transcript. It denied the motion for judgment filed by TCPD and granted the motion for leave to filed addition portion of the record.

{¶21} The court set a new briefing schedule, which was to be completed by July 3, 2020. The trial court held an oral hearing on the merits of the administrative appeal on August 24, 2020.

{¶22} On September 16, 2020, the trial court issued its judgment entry affirming the Order of the SPBR that modified Ms. Goudy's removal to a ten-day suspension.

{¶23} It is from this judgment entry that TCPD now appeals.

## ASSIGNMENTS OF ERROR

{¶24} TCPD raises three Assignments of Error:

{¶25} "I. THE COMMON PLEAS COURT ERRED IN FINDING THAT THE TUSCARAWAS COUNTY PUBLIC DEFENDER WAS NOT ENTITLED TO JUDGMENT UNDER R.C. §119.12(I) AS A RESULT OF THE FAILURE OF THE STATE PERSONNEL BOARD OF REVIEW TO CERTIFY TIMELY A COMPLETE RECORD OF ITS PROCEEDINGS.

{¶26} "II. THE COMMON PLEAS COURT ERRED IN AFFIRMING THE ORDER OF SPBR, TO THE EXTENT IT DETERMINED THAT KRISTY GOUDY WAS NOT

GUILTY OF THE ADMINISTRATIVE CHARGE OF INSUBORDINATION FOR VIOLATING AN ORDER NOT TO DISCLOSE DETAILS OF TUSCARAWAS COUNTY'S ADMINISTRATIVE INVESTIGATION TO A WITNESS.

{¶27} "III. THE COMMON PLEAS COURT ERRED IN AFFIRMING THE ORDER OF THE SPBR, TO THE EXTENT THAT SPBR RELIED IMPROPERLY ON AN EXTRA-STATUTORY REQUIREMENT TO CONDUCT PERFORMANCE EVALUATIONS."

## ANALYSIS

### I.

{¶28} In its first Assignment of Error, TCPD argues the trial court erred when it did not find that the SPBR failed to timely certify a complete record of the administrative proceedings to the trial court. We agree.

### Administrative Proceedings

{¶29} R.C. 124.34(A) says that no employee or officer employed in the civil service "shall be reduced in pay or position, fined, suspended, or removed, or have the officer's or employee's longevity reduced or eliminated" except for the reasons enumerated in the statute, and those reasons include incompetency, inefficiency, unsatisfactory performance, dishonesty, neglect of duty, violation of any policy or work rule, acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony while employed in the civil service. *Binder v. Cuyahoga Cty.*, 161 Ohio St.3d 395, 2020-Ohio-5126, 163 N.E.3d 554, ¶ 17. In this case, Ms. Goudy was removed from her position with the TCPD. In a case of removal, the appointing authority shall serve the employee with a copy of the order of removal, which shall state the reasons for the action.

{¶30} Within ten days of the date on which the order is served, the employee:

may file an appeal of the order in writing with the state personnel board of review or the [local civil service] commission. * * * If an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, the appeal within thirty days from and after its filing with the board or commission. The board, commission, or trial board may affirm, disaffirm, or modify the judgment of the appointing authority. * * *

R.C. 124.34(B). In cases of removal, any party adversely affected by the order of the SPBR, the appointing authority or employee, may appeal from the decision of the state personnel board of review or the commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code. R.C. 124.34(B); R.C. 119.12(B); *Binder v. Cuyahoga Cty.*, 161 Ohio St.3d 395, 2020-Ohio-5126, 163 N.E.3d 554, ¶ 18.

### The Boundaries of R.C. 119.12

{¶31} An appeal from the SPBR is governed by R.C. 119.12. R.C. 119.12 sets forth the procedures that must be followed in administrative appeals. Administrative agencies have the duty to furnish the record of appealed administrative proceedings to the common pleas courts for the trial court's review. "Indeed, the Ohio Supreme Court has observed that R.C. 119.12 sets forth a 'stringent requirement' for the transmittal of administrative records." *Gwinn v. Ohio Elections Comm.*, 187 Ohio App.3d 742, 2010-Ohio-1587, 933 N.E.2d 1112, ¶ 13 quoting *Arlow v. Ohio Rehab. Servs. Comm.*, 24 Ohio St.3d 153, 155, 493 N.E.2d 1337 (1986). Specifically, R.C. 119.12 states:

Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply. The record shall be prepared and transcribed, and the expense of it shall be taxed as a part of the costs on the appeal. The appellant shall provide security for costs satisfactory to the court of common pleas. Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testimony offered and evidence submitted at any hearing and a copy of the complete record.

{¶32} The Ohio Supreme Court first examined R.C. 119.12 and the agency's responsibility to transmit the record in *Matash v. State, Dept. of Ins.*, 177 Ohio St. 55, 202 N.E.2d 305 (1964). In *Matash*, the administrative agency failed to prepare and certify the record for 34 days after filing of the notice of appeal of the administrative order. The Court held that "[w]here an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after a receipt of the notice of appeal and the court has granted the

agency no additional time to do so, the court must, upon motion of the appellant, enter a judgment for the appellant."[1] *Matash*, syllabus.

{¶33} The Ohio Supreme Court next examined R.C. 119.12 in *Lorms v. State Dept. of Commerce, Div. of Real Estate*, 48 Ohio St.2d 153, 357 N.E.2d 1067 (1976). In that case, the Ohio Real Estate Commission rejected the appellant's application to become a real estate broker because it found he did not have sufficient experience to take the broker's examination. *Id.* at 153. The appellant requested a public hearing on his application, where he introduced two letters from business associates who had knowledge of his achievements as an electrical equipment salesperson. The commission reaffirmed the denial of the appellant's application and the appellant appealed to the Court of Common Pleas. *Id.* at 153. The commission certified the record of the administrative proceedings; however, it failed to include in the record the two letters from the appellant's business associates. *Id.* at 154. The appellant moved for judgment because the commission failed to certify "the complete record" as required by R.C. 119.12. The trial court denied the motion because it found the letters were adequately summarized in the record. *Id.*

{¶34} On appeal to the Supreme Court, the appellant argued that under R.C. 119.12, there could only be one consequence as the result of an incomplete record on appeal, even if the omissions were nonprejudicial. *Id.* at 154-155. The *Lorms* Court examined the language of R.C. 119.12 and as a result, modified its prior holding in *Matash*. The Court found R.C. 119.12 "only mandates a finding for the party 'adversely

---

[1] In 1964, R.C. 119.12 required the record be prepared and certified 20 days after the receipt of notice of appeal. It further stated, "Additional time, however, may be granted by the court, not to exceed ten days, when it is shown that the agency has made substantial effort to comply."

affected' by an agency's failure to certify a 'complete record's' [sic] within the prescribed time." *Id.* at 155. R.C. 119.12 did not require an automatic finding for the appellant if the omission in no way prejudices the appellant in the presentation of his appeal. *Id.* By so finding, the *Lorms* Court reaffirmed the Court's "institutional commitment to embrace substance and abjure form where parties may be assisted in obtaining justice through due process of law." *Arlow*, 24 Ohio St.3d 153, 155; *See* R.C. 1.11.

{¶35} Considering the facts of the case under its interpretation of R.C. 119.12, the Court found the record did not indicate the appellant was prejudiced by the omission of the letters from the record. The letters were summarized in the record and the portion of the transcript where the letters are described made clear they were letters from general business associates not qualified to testify about the appellant's real estate experience. *Lorms*, 48 Ohio St.2d 153, 155.

{¶36} The Ohio Supreme Court further refined the boundaries of R.C. 119.12 in *Arlow v. Ohio Rehabilitation Services Com'n*, 24 Ohio St.3d 153, 493 N.E.2d 1337 (1986). The commission in *Arlow* filed the complete record of the administrative proceedings 16 days after the notice of appeal, but the commission used the incorrect trial court case number. The issue before the Court was whether a timely and complete record, albeit with an unintentionally erroneous or omitted case number, constitutes a failure of certification, which would require entry of a finding for the party appealing the administrative action pursuant to R.C. 119.12. *Id.* at 155.

{¶37} The *Arlow* Court affirmed the holding in *Matash* that an administrative agency's failure to certify to the common pleas court the complete record of the appealed administrative proceedings within the time limit of R.C. 119.12 requires the trial court,

upon motion, to enter a judgment for the appellant. *Id.* at 155; *Sinha v. Ohio Dept. of Agriculture*, 10th Dist. Franklin No. 95APE09-1239, 1996 WL 00753 (Mar. 5, 1996), *2; *Gwinn v. Ohio Elections Comm.*, 187 Ohio App.3d 742, 2010-Ohio-1587, 933 N.E.2d 1112, ¶ 15 (10th Dist.), appeal not accepted, 126 Ohio St.3d 1548, 2010 -Ohio- 3855, 932 N.E.2d 341. The Court was not prepared, however, to declare that a record certified to the trial court with an inaccurate or omitted case number constituted a failure of certification. *Id.* It looked to *Lorms* to find the edges of R.C. 119.12:

> A mechanistic interpretation of R.C. 119.12 where appellees have not shown prejudice and where a record has been submitted, albeit unintentionally with erroneous or omitted case numbers, may constitute the farthest boundary of the exception we set forth in *Lorms, supra*. Such an exception does not vitiate the basic premise of R.C. 119.12 where *no* action has been taken to certify an administrative record.

*Id.* at 156.

{¶38} The Court found the records in *Arlow* were timely submitted to the trial court and the trial record did not show, nor did the parties allege, that the unintentionally erroneous or omitted case numbers prejudiced the appellants. *Id.* The *Arlow* Court held that "under R.C. 119.12 where a record has been timely submitted to a court of common pleas, albeit with an unintentionally erroneous or omitted case number, in the absence of prejudice to the party appealing the administrative action, such submission shall not constitute a failure of certification." *Id.* at 156.

{¶39} After *Arlow*, the courts of appeals applying R.C. 119.12 found the Supreme Court established two boundaries. First, if the agency has failed to file a complete,

certified record within the 30-day period and the trial court has not granted the agency additional time, the rule is absolute: the court of common pleas must enter judgment for the appellant. *Matash, supra*; *Gwinn, supra* at ¶ 15. *Sinha v. Ohio Dept. of Agriculture*, 10th Dist. Franklin No. 95APE09-1239, 1996 WL 99753 (Mar. 5, 1996), *2; *Knight v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 96777, 2011-Ohio-6440, ¶ 8, appeal not accepted, 131 Ohio St.3d 1484, 963 N.E.2d 824, 2012 -Ohio- 1143. Second, "where an administrative agency timely certified to the court of common pleas the record of its administrative proceedings but with an unintentional error or omission in an otherwise complete record, the party appealing the administrative action pursuant to R.C. 119.12 is not entitled to a judgment in his or her favor absent a showing of prejudice." *Citizens for Akron v. Ohio Elections Comm.*, 10th Dist. Franklin Nos. 11AP-152, 11AP-153, 2011-Ohio-6387, ¶ 19 quoting *Gwinn, supra* at ¶ 16 citing *Arlow, supra*; *Lorms, supra*.

### A Complete Record? The Failure to File the April 3, 2019 Transcript

{¶40} TCPD argues that because the SPBR failed to file the complete record pursuant to R.C. 119.12, TCPD is entitled to judgment in its favor, and it does not need to show prejudice to prevail. In the alternative, TCPD argues that if this Court determines the failure to timely file the April 3, 2019 transcript was an unintentional error or omission, TCPD can demonstrate it was prejudiced by the failure to file the complete record. Ms. Goudy contends that while the complete record was not filed within 30 days of the notice of appeal, the failure to include the April 3, 2019 transcript was a "mere omission" and TCPD suffered no prejudice from the omission. Upon our review of the law and the record, we find the SPBR failed to file the complete record in violation of R.C. 119.12 and its

failure to file the transcript went beyond a "mere omission." We further find the failure to timely file the transcript prejudiced TCPD.

{¶41} The Tenth District Court of Appeals remarked there were at least three situations in which an appellant is entitled to judgment pursuant to R.C. 119.12 only upon a showing of prejudice:

Absent a showing of prejudice, an appellant is not entitled to judgment pursuant to paragraph nine when:

(1) there is a mere omission from a record that is timely certified, *Lorms v. State* (1976), 48 Ohio St.2d 153; *Gahm v. Ohio State Bd. of Cosmetology* (Dec. 10, 1992), Scioto App. No. 92CA2074, unreported; *Bergdahl v. Ohio State Board of Psychology* (1990), 70 Ohio App.3d 488, 491-493; *Whitaker v. Department of Commerce* (May 18, 1987), Montgomery App. No. CA-10005, unreported;

(2) the record is timely certified but under an unintentionally erroneous or omitted case number, *Arlow v. Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St.3d 153; or

(3) the record is timely certified under the case number of a separately filed appeal from the same agency adjudication, *State ex rel. Williams Ford Sales, Inc. v. Connor* (Jan. 25, 1996), Franklin App. No. 93APD11-1539, unreported (Memorandum Decision); *In re Calcutta Health Care Center* (Feb. 13, 1990), Franklin App. No. 89AP-599, unreported (1990 Opinions 520, 523-525).

*Sinha v. Ohio Dept. of Agriculture*, 10th Dist. Franklin No. 95APE09-1239, 1996 WL 99753, *2. "The *Arlow* exception requiring a showing of prejudice when a record has been timely certified, albeit with an unintentionally erroneous or omitted case number 'does not vitiate the basic premise of R.C. 119.12 where *no* action has been taken to certify an administrative record.'" *Id.* at *2.

{¶42} There is no dispute in this case that the SPBR did not file the complete record of the SPBR proceedings within 30 days of the notice of appeal. The filing on October 30, 2019 can only be characterized as an incomplete record because the SPBR omitted the transcript of the April 3, 2019 hearing, the second day of a two-day hearing where TCPD finished its case-in-chief and Ms. Goudy presented her case-in-chief. Pursuant to R.C. 119.12(I), after a notice of appeal from an agency's order is filed with the common pleas court, the agency must, within 30 days after receipt of the notice, "prepare and certify to the court a complete record of the proceedings in the case." *Angerbauer v. State Med. Bd.*, 10th Dist. No. 17AP-88, 2017-Ohio-7420, 96 N.E.3d 1100, 2017 WL 3774838, ¶ 19. "A 'complete record of proceedings' in a case is a 'precise history' of the administrative proceedings from their commencement to their termination." *Id.* quoting *Beach v. Ohio Bd. of Nursing*, 10th Dist. No. 10AP-940, 2011-Ohio-3451, 2011 WL 2732243, ¶ 21, quoting *Checker Realty Co. v. Ohio Real Estate Comm.*, 41 Ohio App.2d 37, 42, 322 N.E.2d 139 (10th Dist. 1974). A complete record of proceedings includes a stenographic record of hearings in certain circumstances. *Id.* citing *Citizens for Akron v. Ohio Elections Comm.*, 10th Dist. No. 11AP-152, 2011-Ohio-6387, 2011 WL 6270726.

{¶43} The record shows that not only did the SPBR fail to file the April 3, 2019 transcript within the 30-day time period, it failed to have the April 3, 2019 hearing *transcribed* within the time period. The email from the SPBR stated, "We have contacted the court reporter and ordered the missing day, and will request that they put a rush on it."[2] R.C. 119.12 plainly states, "Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required * * *, the agency shall *prepare* and certify to the court a complete record of the proceedings in the case." (Emphasis added.) We cannot find the SPBR prepared and certified the complete record within 30 days of the notice of appeal because it did not transcribe the second day of testimony from a two-day administrative hearing. It was only because TCPD contacted the SPBR for a copy of the transcripts that the agency discovered it did not transcribe the April 3, 2019 hearing. Unlike the Rules of Appellate Procedure where it is the duty of the appellant to ensure the Court has the record upon appeal, R.C. 119.12 squarely places the burden upon the agency to transmit the complete record to the court of common pleas. *See* App.R. 9; App.R. 10. Ohio Adm.Code 124-11-16(A) states, "The board shall transmit a transcript of each hearing appealed to a court of common pleas."

{¶44} The SPBR's failure to comply with R.C. 119.12 is further compounded by its actions after it became aware it did not prepare and certify the April 3, 2019 proceedings. R.C. 119.12 clearly states the procedure if the agency requires an extension to certify the record: "Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply." The SPBR sent an email on January 30, 2020 to the trial court and the parties notifying of

---

[2] It appears from the record that the three-panel board reviewed the auditory record of the administrative hearing when reviewing the objections to the Report and Recommendation.

them of the missing transcript. The email from the SPBR stated, "We believe that the missing piece of the transcript can reasonably be filed on or before February 14th." The SPBR did not move the trial court for additional time before filing the transcript well after the 30-day deadline had passed. The SPBR did not file a formal motion with the trial court requesting additional time until February 7, 2020, the day after it filed the April 3, 2019 transcript with the trial court.

{¶45} We find the SPBR's failure to prepare and file a complete record falls within the boundary established by *Matash,* therefore TCPD is entitled to judgment without a showing of prejudice. The failure to prepare and certify the complete record by transcribing the April 3, 2019 proceedings, the second day of testimony from a two-day hearing, goes beyond a mere omission or clerical error as found in *Lorms* or *Arlow.* No action to prepare and certify the complete record was taken by the SPBR until alerted by TCPD. The action taken by the SPBR in submitting the overdue transcript to the trial court did not comply with R.C. 119.12. It is the basic premise of R.C. 119.12 that where no action has been taken to certify the complete administrative record within the 30-day period, judgment must be entered for the appellant.

{¶46} We are cognizant, however, of the holding in *Arlow* and the Supreme Court's concern for substance over form to assist parties in obtaining justice through the due process of law. *Arlow, supra* at 155. We therefore consider whether TCPD was prejudiced by the failure to file the transcript of the April 3, 2019 hearing within the 30-day period.

{¶47} The trial court found the late filing of the transcript resulted only in a modification of the briefing schedule; therefore, TCPD was not prejudiced by the filing of

the portion of the written transcript. The modification of the briefing schedule, while seemingly procedurally innocuous, has a real-life impact on both parties. On September 18, 2019, the SPBR issued its order rescinding the Ms. Goudy's removal, thereby entitling Ms. Goudy to a restatement to her employment. TCPD filed the notice of appeal on October 2, 2019 and the trial court set a briefing schedule where TCPD's memorandum of law was due on February 6, 2020, Ms. Goudy's memorandum of law was due on March 9, 2020, the reply memorandum was due on March 24, 2020, and an oral hearing was to be held in April 2020. After the trial court's denial of the motion for judgment, it set a new briefing schedule where the final brief was due on July 3, 2020. It held an oral hearing on the briefs on August 24, 2020. Judgment affirming the SPBR order was rendered on September 16, 2020.

{¶48} At the March 9, 2020 oral hearing on TCPD's motion for judgment, the parties stated that after the SPBR ordered that Ms. Goudy receive a 10-day suspension, TCPD did not reinstate Ms. Goudy's employment. (T. 30). There was no motion asking the trial court to stay the Order of the SPBR. (T. 31). Ms. Goudy was searching for other employment because she had to a duty to mitigate her damages. (T. 32). If the trial court affirmed the Order and this Court likewise affirmed, TCPD could be liable for Ms. Goudy's back pay from the date of the Order. The SPBR's failure to timely prepare and file the April 3, 2019 transcript prejudiced both parties. The five months delay from briefing to judgment arguably increased TCPD's exposure for back pay and postponed the enforcement of the Order reinstating Ms. Goudy's employment.

{¶49} The SPBR failed to prepare and certify to the trial court a complete record of the proceedings in the case within 30 days. The failure of the SPBR to prepare and

certify the complete record was prejudicial to both parties, resulting in a delay in the due process of law. We find that based on *Matash*, *Lorms*, and *Arlow*, TCPD is entitled to judgment for the SPBR's failure to comply with the time allowed under R.C. 119.12.

{¶50} Our decision today reverses the judgment of the trial court, which affirmed the Order of the SPBR rescinding Ms. Goudy's removal and ordering a 10-day suspension. Our judgment today reinstates Ms. Goudy's removal from her employment with TCPD. As stated above, we recognize procedural decisions have real-life impact and the decision in this case will negatively impact Ms. Goudy's employment with TCPD. This decision, however, was not lightly made. It was based on the language of R.C. 119.12 crafted by the General Assembly and its choice to place the burden of ensuring the complete record is timely filed not on the parties with a vested interest in the action, but upon the agency who is not a party to the appeal. As can be seen by *Matash*, *Lorms*, and *Arlow*, the courts have attempted to fashion boundaries to ease the impact of an agency's failure to comply with R.C. 119.12. However, the language crafted by the General Assembly determines today's result and we are duty-bound to follow that result.

## CONCLUSION

{¶51} TCPD's first Assignment of Error is sustained. The judgment of the Tuscarawas County Court of Common Pleas is reversed and we render judgment in favor of Appellant Tuscarawas County Public Defender's Office pursuant to App.R. 12(B).

{¶52} Based on our ruling on TCPD's first Assignment of Error, we find the remaining Assignments of Error to be moot and overrule the same.

By: Delaney, J.,

Baldwin, P.J. and

Hoffman, J., concur.