**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Goudy v. Tuscarawas Cty. Pub. Defender*, **Slip Opinion No. 2022-Ohio-4121.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4121

GOUDY, APPELLANT, *v.* TUSCARAWAS COUNTY PUBLIC DEFENDER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Goudy v. Tuscarawas Cty. Pub. Defender*, **Slip Opinion No. 2022-Ohio-4121.]**

*The phrase "adversely affected" as used in R.C. 119.12(I) imposes a prejudice requirement—State Personnel Board of Review's failure to timely certify a complete record of its proceedings to the common pleas court within 30 days of receiving notice of appeal did not adversely affect the public defender's office—Court of appeals' judgment reversed and cause remanded.*

(No. 2021-0831—Submitted May 10, 2022—Decided November 22, 2022.)

APPEAL from the Court of Appeals for Tuscarawas County,
No. 2020 AP 10 0023, 2021-Ohio-1754.

_____

**DEWINE, J.**

{¶ 1} Classified civil-service employees in Ohio who are fired from their jobs have a right to challenge their terminations by appealing to the State Personnel Board of Review. A party who loses before the personnel board may appeal to the common pleas court. When that happens, the personnel board is required to certify a complete record of its proceedings to the common pleas court within 30 days of receiving notice of the appeal. If the personnel board misses that deadline, the common pleas court is required to enter judgment in favor of the "adversely affected" party. This case is about what it means to be an "adversely affected" party.

{¶ 2} Here, the personnel board ordered that Kristy Goudy be reinstated to her position at the Tuscarawas County Public Defender's Office. But when the public defender's office appealed that decision to the court of common pleas, the personnel board failed to certify a complete record within the time allotted. The personnel board had inadvertently failed to include the transcript of the second day of the hearing. It subsequently corrected its error and certified the remainder of the record outside the time allotted. The court of common pleas concluded that the delay in certifying the record did not cause any prejudice to the public defender's office and therefore it was not an adversely affected party. The court of appeals disagreed: it determined that one need not be prejudiced to be an adversely affected party and that even if the statute did impose a prejudice requirement, the requirement was met in this case.

{¶ 3} We conclude that the phrase "adversely affected" as used in R.C. 119.12(I) imposes a prejudice requirement. We also conclude that that prejudice has not been shown in this case. Therefore, we reverse the decision of the court of appeals and remand the case to the court of appeals for it to consider the public defender's office's remaining assignments of error.

## I. Goudy is fired and challenges her termination

{¶ 4} Goudy was a classified employee at the Tuscarawas County Public Defender's Office. Classified employees may be fired only for cause, that is, for grounds enumerated in R.C. 124.34(A). A classified employee may challenge a termination by appealing to the personnel board. R.C. 124.34(B). A party who loses before the personnel board may appeal to the court of common pleas. *Id.*

{¶ 5} R.C. 119.12, part of Ohio's Administrative Procedure Act, governs appeals from administrative agencies, such as the personnel board, to the common pleas court. When an appeal is taken, the appealing party must provide the agency with a security deposit to cover the cost of transcribing the record. R.C. 119.12(J). The agency then has 30 days to prepare and certify to the court a complete record of the administrative proceedings. R.C. 119.12(I). If the agency fails to comply with this 30-day requirement, the court "upon motion" is "to enter a finding in favor of the party adversely affected." *Id*.

{¶ 6} That remedy is a harsh one in a case like this. In many cases, the agency that conducted the administrative hearing will also be a party to the case. For example, a nurse might appeal a decision by the board of nursing to suspend his license. If the board of nursing does not timely certify the record with the court, it seems fair to penalize the board of nursing for its failure to do so. In other cases, however, the agency adjudicating the action is not a litigant in the case—for example, cases, like this one, involving the personnel board. In such cases, the consequences of the agency's failure fall on a party who had nothing to do with the failure. Nonetheless, absent a finding that the statute violates the state or federal constitutions—and no constitutional challenge has been developed here—we are required to apply the statute as written.

*A. Goudy is fired but prevails on appeal to the personnel board*

{¶ 7} In 2018, the public defender's office fired Goudy from her job as a secretary on the basis that she had violated the office's standards of conduct. The

3

allegations against her ranged from transferring calls incorrectly and slamming doors to making unwanted sexual comments while touching a coworker's waist. Goudy appealed her firing to the personnel board.

{¶ 8} Following a hearing before an administrative-law judge, the personnel board determined that the public defender's office proved only some of the allegations against Goudy and modified the firing to a ten-day suspension.

*B. The public defender's office appeals,*

*and the personnel board certifies an incomplete record*

{¶ 9} On October 2, 2019, the public defender's office appealed the order to the Tuscarawas County Court of Common Pleas. At the same time, the public defender's office provided the personnel board with notice of the appeal and a security deposit. *See* R.C. 119.12(J). Twenty-eight days later, the personnel board certified the record with the court of common pleas.

{¶ 10} Unbeknownst to the personnel board, the transcript for the second day of the hearing was missing from the record. The omission initially went undiscovered, and the case proceeded as normal. On January 8, 2020, the court established a briefing schedule, and on January 9, it set a hearing date of April 27. Then, on January 30, the personnel board discovered its mistake and notified the parties and the court. Seven days later, it filed the rest of the record. In the meantime, the public defender's office moved for judgment in its favor based on the personnel board's failure to timely certify the complete record. The court put merits briefing on hold to allow for briefing on the motion.

{¶ 11} The court held a hearing on the motion for judgment on March 9, and on April 22, it vacated the April 27 merits-hearing date. On April 27, the court denied the motion for judgment, finding that no prejudice had resulted from the personnel board's failure to timely file the complete record. The court opined that to be entitled to judgment, the public defender's office needed to have been prejudiced by the late filing. It observed that the personnel board's filing, albeit

late, came well before the case was set for a merits hearing. The court then found: "[T]he late filing * * * may have resulted in a modified briefing schedule; however, the late filing alone would not have necessitated a delay of the overall disposition of this case."

{¶ 12} The case proceeded to a hearing on the merits, and the court of common pleas affirmed the personnel board's order. The public defender's office then reinstated Goudy. It also appealed the decision to the Fifth District Court of Appeals, challenging the common pleas court's decisions on both the motion for judgment and the merits of the case.

*C. The court of appeals determines that the personnel board's omission entitled the public defender's office to judgment in its favor*

{¶ 13} The Fifth District agreed with the public defender's office that the common pleas court should have entered judgment in its favor. 2021-Ohio-1754, ¶ 25, 28, 40. In doing so, it interpreted this court's precedent as establishing a two-track method for applying R.C. 119.12(I). *Id.* at ¶ 39. In its view of our precedent, when an agency fails to timely certify the complete record of the administrative proceedings, the common pleas court is required to enter judgment in favor of the appellant. *Id.* On the other hand, the Fifth District explained, when the agency's submission contains a mere "omission" in an otherwise complete record, an additional showing of prejudice is required for the appellant to be entitled to judgment. *Id.* The court of appeals categorized the personnel board's error in this case as going beyond a "mere omission," thus eliminating any need for the public defender's office to show prejudice. *Id.* at ¶ 40, 45. Accordingly, it concluded that the personnel board's failure to file a complete record within 30 days of receiving the notice of appeal entitled the public defender's office to judgment in its favor. *Id.* at ¶ 43, 45. Even so, the court went on to examine prejudice. *Id.* at ¶ 46.

{¶ 14} The court of appeals disagreed with the court of common pleas' finding that no prejudice had occurred. It found that the personnel board's failure

to file the complete transcript led to a five-month delay in adjudication and that this delay increased the amount of back pay that the public defender's office would potentially be responsible for paying Goudy. *Id.* at ¶ 48. In addition, it said that the personnel board's failure caused "a delay in the due process of law." *Id*. at ¶ 49. As a result, it opined in dicta that the public defender's office would be entitled to judgment even if the statute required a showing of prejudice. *See id*.

{¶ 15} Goudy appealed, and we accepted jurisdiction. 164 Ohio St.3d 1431, 2021-Ohio-3091, 173 N.E.3d 508. Her arguments on appeal are difficult to follow, but she essentially contends (1) that R.C. 119.12(I) requires a showing of prejudice and (2) that the personnel board did not suffer prejudice.[1]

## II. Both the ordinary meaning of "adversely affected" and our precedent establish that the statute requires a showing of prejudice

{¶ 16} The public defender's office contends that the personnel board's failure to timely certify a complete record entitled it to a judgment in its favor. Goudy disagrees and submits that a party is entitled to judgment only if the personnel board's untimely filing causes prejudice.

### A. *Under the plain language of the statute, judgment based on an untimely certification is warranted only if the party was prejudiced by the delay*

{¶ 17} R.C. 119.12(I) provides:

> Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required * * *, the agency shall prepare and certify to the court a complete record of the

---

1. Following Goudy's arguments is made even more difficult because the propositions of law that she sets forth in her merit brief do not match those over which we accepted jurisdiction. This court did not grant Goudy leave to amend her propositions, nor did Goudy ask for leave. Because the crux of Goudy's propositions remains largely the same, we will proceed to the merits of the case. But we caution that such conduct is improper. Any party that tries to amend his propositions of law without leave does so at the risk of dismissal.

proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected.

**{¶ 18}** By its plain terms, the statute requires a showing of prejudice. No great linguistic dexterity is necessary to understand the meaning of the phrase "adversely affected." In common parlance, one is adversely affected when he is harmed. In legal parlance, we call this prejudice. Thus, under the plain language of the statute, when an agency does not comply with the certification requirement, the court must make a finding in favor of the party that has been harmed or prejudiced by the agency's failure.

**{¶ 19}** The public defender's office pushes back on this plain reading and contends that the phrase "party adversely affected" does not impose a prejudice requirement but simply means the party that lost before the agency (that is, the appellant in the court of common pleas). The phrase "party adversely affected," it claims, is simply the "term-of-art" that the Ohio Administrative Procedure Act uses for the party that receives an unfavorable result from an agency's adjudication. In support of its argument, the public defender's office points out that in other subsections of the statute, the General Assembly uses the phrase when referring to the party that lost before the agency. The public defender's office asserts that the phrase should be given the same meaning here.

**{¶ 20}** The problem with that argument is that the phrase is used differently in the subsections to which the public defender's office refers. The public defender's office relies on R.C. 119.12(A)(1) and (B). But in those subsections, the statute refers to the "party adversely affected *by any order of an agency*." (Emphasis added.) Similarly, R.C. 119.092(C), the other statutory subsection cited by the public defender's office, refers to a party that "could have appealed the adjudication order of the agency had the party been adversely affected by it."

**{¶ 21}** In each of the subsections cited by the public defender's office, the phrase "adversely affected" is paired with the phrase "order of an agency." R.C. 119.12(A)(1) and (B); *see also* R.C. 119.092(C). In contrast, the subsection at issue in this case, R.C. 119.12(I), pairs "party adversely affected" with "failure of the agency" to comply with the 30-day deadline. Thus, we have little difficulty rejecting the public defender's office's interpretation. We conclude that by its plain terms, R.C. 119.12(I) imposes a prejudice requirement.

*B. We realign our precedent with the plain language of the statute*

**{¶ 22}** While the plain language of the statute makes clear that prejudice is required, our caselaw is a good deal murkier. We first dealt with R.C. 119.12(I) in *Matash v. Ohio Dept. of Ins.*, 177 Ohio St. 55, 202 N.E.2d 305 (1964). That case involved an appeal by an insurance agent whose license had been revoked by the department of insurance. The department of insurance failed to timely certify the record of its administrative proceedings to the common pleas court, and the question we confronted was whether dismissal was mandatory. We held that it was, explaining that the legislature had recently amended the statute to add the language requiring dismissal. Those amendments, we explained, "clearly express a legislative intention that a failure to certify such record within the time * * * specified must, on motion of the appellant, result in a judgment for the party adversely affected by the order appealed from." *Id.* at 57. In *Matash*, the issue of prejudice was not directly before the court. Rather, the issue was whether the statute was mandatory or directory. The parties did not brief the prejudice issue, and the court did not opine on the issue. Nonetheless, because the *Matash* court stated that dismissal was mandatory, the case has often been cited for the proposition that no showing of prejudice is required. *See, e.g.*, *In re Troiano*, 33 Ohio App.3d 316, 317, 515 N.E.2d 985 (8th Dist.1986); *Sinha v. Ohio Dept. of Agriculture*, 10th Dist. Franklin No. 95APE09-1239, 1996 WL 99753, *2.

8

{¶ 23} We again took up R.C. 119.12(I) in *Lorms v. Ohio Dept. of Commerce, Div. of Real Estate*, 48 Ohio St.2d 153, 357 N.E.2d 1067 (1976). Like the present case, that case involved an appeal from the personnel board. In *Lorms*, the personnel board had timely certified the record but had inadvertently omitted two letters that had been introduced as exhibits. There, we equated "adversely affected" with prejudice. *Id.* at 155. We thus held that "[a]n agency's omission of items from the certified record * * * does not require a finding for the appellant * * * when the omissions in no way prejudice him in the presentation of his appeal." *Id.* at syllabus.

{¶ 24} In arguing for dismissal, Lorms maintained that *Matash* made dismissal mandatory. The court could have distinguished *Matash* simply by noting that the prejudice issue was not raised in *Matash*. But instead, the court made a distinction based on the fact that in *Matash*, no record was filed at all. In a footnote, the court opined that "[s]ince the agency in Matash failed to certify *any* record within 34 days after receipt of notice of appeal, that case did not raise the issue of nonprejudicial omissions from a record under R.C. 119.12." (Emphasis in original.) *Lorms* at 155, fn. 1. The distinction drawn in that footnote—between a complete failure to file a record and an omission—has created persistent confusion in the lower courts. We hope to put an end to that confusion today.

{¶ 25} This court adhered to *Lorms* in a case involving a record that was certified using an unintentionally erroneous case number. *Arlow v. Ohio Rehab. Servs. Comm.*, 24 Ohio St.3d 153, 155, 493 N.E.2d 1337 (1986). That case, like the present one, involved the review of an employment-termination decision by the personnel board. *Id.* at 154. We found that failing to include the proper case number was similar to omitting part of the record in *Lorms*, and, therefore held that prejudice must be shown for a party to be entitled to judgment based on that error. *See Arlow* at 156. At the same time, we distinguished the failure to include the correct case number on the record from a complete failure to file a record and

suggested that a different result would be required when "no action has been taken to certify an administrative record." (Emphasis deleted.) *Id.*

{¶ 26} Drawing upon this line of cases, the court of appeals below held that two different standards applied: no showing of prejudice is required when there is a complete failure to file a record, and a showing of prejudice is required when there is a mere unintentional error or omission from an otherwise complete record. In so holding, it acted in accord with decisions by numerous other courts of appeals. *See, e.g.*, *Gwinn v. Ohio Elections Comm.*, 187 Ohio App.3d 742, 2010-Ohio-1587, 933 N.E.2d 1112, ¶ 15-16 (10th Dist.); *McClendon v. Ohio Dept. of Edn.*, No. 104292, 2017-Ohio-187, 77 N.E.3d 523, ¶ 55 (8th Dist.); *Citizens for Akron v. Ohio Elections Comm.*, No. 11AP-152, 2011-Ohio-6387, ¶ 20-21 (10th Dist.). Today, we clarify that there is only one standard.

{¶ 27} The bifurcated test used by the Fifth District has no basis in the statutory language. The statute simply says that when there is a failure to timely file a "complete record," the court shall, upon motion, "enter a finding in favor of the party adversely affected." R.C. 119.12(I). The statute doesn't distinguish "mere omissions" from more serious failures. And the "adversely affected" language applies universally to all failures to timely file a complete record. So, the statute either requires prejudice or it doesn't. There is no room for a middle ground. The judicially manufactured sometimes-prejudice-is-required, sometimes-it's-not approach cannot be reconciled with the statutory language.

{¶ 28} We make clear today that prejudice is always required. The plain meaning of "party adversely affected" leaves no room for any other construction. We do not view this holding as inconsistent with *Matash*; as we explained earlier, the prejudice issue was not litigated in *Matash*. But nothing in *Matash* or the subsequent reference to *Matash* in the *Lorms* footnote should be read as dispensing with R.C. 119.12(I)'s prejudice requirement.

*C. The public defender's office has not shown that it was prejudiced*

**{¶ 29}** The court of appeals opined that even if there was a prejudice requirement, that requirement was met. The common pleas court had determined that while the untimely filing caused a modification of the briefing schedule, it did not result in any delay in the disposition of the case. But the court of appeals apparently disagreed. It noted that after the trial court denied the motion for judgment filed by the public defender's office, the court set a new merits-briefing and oral-argument schedule. Under the new schedule, oral argument was set for August 24, 2020, rather than the original argument date of April 27, 2020. The court of common pleas issued its opinion affirming the personnel board's decision on September 16, 2020. In concluding that the public defender's office had been prejudiced, the court of appeals said, "The five months delay from briefing to judgment arguably increased [the public defender's office's] exposure for back pay and postponed the enforcement of the Order reinstating Ms. Goudy's employment." 2021-Ohio-1754 at ¶ 48.

**{¶ 30}** The problem is that this conclusion is at odds with the trial court's statement that the late filing of the transcript did not cause an overall delay in the proceedings. Here, the court of common pleas was obviously familiar with its docket and its caseload. There is nothing in the record that provides any basis for the court of appeals to question the trial court's statement that the late filing of the transcript did not delay the overall disposition of the case.

**{¶ 31}** The court of appeals apparently conflated the delay occasioned by the public defender's office's motion for judgment with the delay caused by the late filing of the transcript. The court of appeals focused on the five-month interval between the original oral-argument date and the date the trial court's decision was issued. In doing so, it apparently assumed that the late filing of the transcript caused the trial court to vacate the original hearing date. But the record does not support the conclusion that the five-month interval was attributable to the late filing of the

transcript. Rather, the record suggests that the reason that the original hearing date was vacated was to allow the public defender's office to go forward with its motion for judgment. Indeed, as explained above, the court of common pleas explicitly found that "the late filing alone would not have necessitated a delay of the overall disposition of this case."

{¶ 32} One might posit that the motion for judgment would not have been filed but for the late filing of the transcript and therefore any delay attributable to the motion for judgment can also be attributed to the late filing of the transcript. But that makes little sense. As we explained earlier, to be entitled to judgment, the public defender's office was required to show that it was prejudiced by the late filing. It is hardly reasonable to allow the public defender's office to claim that the delay occasioned by its own motion for judgment is itself the prejudice that entitles it to judgment in its favor.

{¶ 33} There is nothing in the record that provides any basis to disregard the trial court's finding that the late filing of the transcript did not delay the overall disposition of the case.

### III. Conclusion

{¶ 34} The court of appeals erred in concluding that R.C. 119.12(I) does not contain a prejudice requirement. Further, the record does not support a conclusion that the late filing of the transcript delayed the overall disposition of the case. Therefore, we reverse the judgment of the Fifth District Court of Appeals. Because it concluded that the public defender's office was entitled to judgment based on the untimely filing of part of the transcript, the court of appeals did not consider the assignments of error raised by the public defender's office challenging the trial court's judgment on the merits. We remand the case to the court of appeals for consideration of these unresolved assignments of error.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————

Moses Law Offices, L.L.C., and Michael Moses, for appellant.

Zashin and Rich Co., L.P.A., Scott H. DeHart, Jonathan J. Downes, and Drew C. Piersall, for appellee.

Betsy Rader Law, L.L.C., and Elizabeth A. Rader, urging reversal for amicus curiae Ohio Employment Lawyers Association.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, and Diane R. Brey and Stephen P. Carney, Deputy Solicitors General, urging reversal for amicus curiae Attorney General Dave Yost.

————————